UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Giselle N.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, et al.,<br><br>    Defendants. | Case No. 23-cv-04293-PHK<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>Re: Dkt. No. 1 |

    Plaintiff Giselle N. ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Acting Commissioner of the Social Security Administration, Defendant Kilolo Kijakazi ("Commissioner"), denying Plaintiff's application for supplemental social security income based on disability. [Dkt. 1]. The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 2]. The Court now undertakes a determination of whether Plaintiff's Complaint must be dismissed pursuant to the requirements of § 1915(e)(2)(B).

    Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)) ("Screening is required even if the plaintiff pursues an appeal of

---

[1] Due to significant privacy concerns in social security cases, the Court refers to the plaintiff only by their first name and last initial.

right, such as an appeal of the Commissioner's denial of social security disability benefits.").

As an initial matter, the Court finds that the instant Complaint does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). First, the Complaint does not seek monetary relief in the form of damages from the Commissioner, but rather seeks a Judgment and Order reversing the Commissioner's decision on the benefits at issue. [Dkt. 1]. Second, the Commissioner is not immune from the relief requested. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the plaintiff] was a party." 42 U.S.C. § 405(g).

As in most social security cases, the substantive bulk of the § 1915(e)(2)(B) screening determination focuses on whether the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint satisfies this requirement is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The context here is guided by the fact that this is a social security disability appeal brought by an indigent plaintiff. "Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is 'not exempt from the general rules of civil pleading.'" *Lynnmarie E. v. Saul*, No. 21-cv-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021) (quoting *Hoagland*, 2012 WL 2521753, at *2).

In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). A Rule 12(b)(6) motion to dismiss tests whether a claim satisfies the minimum pleading standard for that claim. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) ("A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'").

2

The requisite minimum pleading standard varies depending on the type of claim(s) at issue. *Iqbal*, 556 U.S. at 679. The standard governing most civil actions is set forth in Federal Rule of Civil Procedure 8(a), which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). For claims to which the Rule 8(a) pleading standard applies, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Certain types of claims have pleading requirements that diverge from the Rule 8(a) plausibility standard. *See, e.g.,* Fed. R. Civ. P. 9(b) (pleading fraud); *see also* Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2) and G(2)(f) (pleading *in rem* forfeiture in private and governmental civil actions). Until recently, social security actions brought under 42 U.S.C. § 405(g) were governed exclusively by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note. In evaluating the sufficiency of such claims for purposes of § 1915(e)(2)(B) screening, courts historically applied the Rule 8(a) pleading standard. *See Michael Edward M. v. Kijakazi*, No. 3:23-cv-01138-RBM-AHG, 2023 WL 5955302, at *2 (S.D. Cal. Aug. 30, 2023) (collecting cases); *Hoagland*, 2012 WL 2521753, at *2 (To satisfy § 1915(e)(2)(B)(ii) screening, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong.")

Effective December 1, 2022, the Federal Rules of Civil Procedure were amended to include the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules"). The Supplemental Rules govern social security actions and "establish a simplified procedure that recognizes the essentially appellate character of actions that seek only review of an individual's claims on a single administrative record." Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note; *see* Fed. R. Civ. P. Supp. Soc. Sec. R. 1(a) ("These rules govern an action under 42 U.S.C. § 405(g) for review on the record of a final decision of the

3

Commissioner of Social Security that presents only an individual claim."). To the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules, the Supplemental Rules control. Fed. R. Civ. P. Supp. Soc. Sec. R. 1(b) ("The Federal Rules of Civil Procedure also apply to a proceeding under these rules, except to the extent that they are inconsistent with these rules.").

Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for social security complaints under these Supplemental Rules. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note ("Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision."). Under Supplemental Rule 2(b)(1), "[t]he complaint must: (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). Additionally, Supplemental Rule 2(b)(2) provides that the complaint "may include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2).

The permissive language of Supplemental Rule 2(b)(2) makes clear that a social security complaint could but need not always contain "a short and plain statement of the grounds for relief" in order to state a claim for relief. Inherently, then, the pleading standard governing social security actions under Supplemental Rule 2 is less demanding than the pleading standard set forth in Fed. R. Civ. P. 8(a). *Compare* Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2) ("The complaint *may* include a short and plain statement of the grounds for relief."), *with* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief *must* contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") (emphasis added). This makes sense given that a social security action seeks only review of an administrative record, with no discovery or other trappings of a non-social security civil action. As such, a social security complaint serves a similar function to a notice of appeal: its purpose is merely to ensure that the Social Security

4

Administration can adequately "identify the administrative proceedings and record in a way that enables prompt response[.]" Fed. R. Civ. P. Supp. Soc. Sec. R. advisory committee's note; *see Becker v. Montgomery*, 532 U.S. 757, 767 (2001) ("[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.").

Accordingly, for purposes of § 1915(e)(2)(B)(ii), the Court applies Supplemental Rule 2(b)(1) to determine whether Plaintiff's Complaint sufficiently states a claim for relief.  As discussed above, Supplemental Rule 2(b)(1) first requires that a social security complaint "state that the action is brought under § 405(g)." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A).  In the instant Complaint, Plaintiff states: "This action arises under the provisions of the Social Security Act, Titles II and XVI.  This court has jurisdiction to review the decision of Defendant herein pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3)." [Dkt. 1 at ¶ 3].  Accordingly, the Court finds that Plaintiff's Complaint satisfies the first pleading requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) next requires that a social security complaint "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(B).  Here, the Complaint states that Plaintiff "filed an application for supplemental security income alleging disability in accordance with the legal requirements of the Social Security Act[,]" that "[t]he ALJ issued a decision denying Plaintiff's claim for benefits on September 28, 2022[,]" and that "the ALJ's decision became the final decision of the Commissioner" on June 23, 2023. [Dkt. 1 at ¶¶ 7-9].  The Complaint includes Plaintiff's full name, as well as the last four digits of Plaintiff's social security number. *Id.* at ¶ 2.  Construed according to the proper legal standards, the Court finds this information in the Complaint sufficient to satisfy the second requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) further requires that a social security complaint "state the name and the county of residence of the person for whom benefits are claimed," and "name the person on whose wage record benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C)-(D).  As already noted, the Complaint here includes Plaintiff's full name.  The Complaint states that

5

"Plaintiff is a competent adult residing in Marin County, California." [Dkt. 1 at ¶ 1]. The Complaint states that Plaintiff seeks review of a decision "denying Plaintiff's claim for benefits." *Id.* at 8. Accordingly, the Court finds that Plaintiff's Complaint satisfies the third and fourth requirements of Supplemental Rule 2(b)(1).

Finally, Supplemental Rule 2(b)(1) requires that a social security complaint "state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)€. Here, Plaintiff's Complaint states that Plaintiff is seeking "supplemental security income" benefits based on a disability. [Dkt. 1 at ¶ 7]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the final pleading requirement of Supplemental Rule 2(b)(1).

For the foregoing reasons, the Court finds that Plaintiff's Complaint satisfies the minimum pleading requirements to state a claim for relief under the standards set forth in Supplemental Rule 2 which is applicable to this case. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). For similar reasons, the Court finds that Plaintiff's Complaint is neither frivolous nor malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, and in light of the above analysis, the Court concludes for purposes of mandatory IFP screening that Plaintiff's Complaint is not "frivolous or malicious," does not "fail[] to state a claim on which relief may be granted," and does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court's determination is without prejudice to further determinations on the merits as this matter proceeds, after the Commissioner appears and both Parties assert any further arguments, records, or other matters following the proper procedures and timing requirements for this case.

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's Complaint in this case [Dkt. 1] shall **NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).
2. In accordance with Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Office for the Northern District of California in lieu of service of a summons. *See* Fed.

R. Civ. P. Supp. Soc. Sec. R. 3 ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4.").

Dated: September 26, 2023.

_____
PETER H. KANG
United States Magistrate Judge